Matter of Kreger (2025 NY Slip Op 00632)

Matter of Kreger

2025 NY Slip Op 00632

Decided on February 04, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels
Justice Presiding
Cynthia S. Kern Tanya R. Kennedy David Friedman Bahaati E. Pitt-Burke
Justices.

Motion No. 2024-04101 Case No. 2021-04466 

[*1]In the Matter of Wayne Scott Kreger an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Wayne Scott Kreger (OCA Atty Reg. 4105326), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Wayne Scott Kreger, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on February 27, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Kevin P. Culley, of counsel), for petitioner
Respondent, pro se.

Per Curiam 

Respondent Wayne S. Kreger was admitted to the practice of law in the State of New York by the Third Judicial Department on February 27, 2003, under the name Wayne Scott Kreger. Respondent maintains a registered address in the First Judicial Department.
In December 2022, the Attorney Grievance Committee (AGC) served respondent with an amended and supplemental petition of nine charges alleging that respondent violated the New York Rules of Professional Conduct (22 NYCRR 1200.0) 1.15(a), 1.15(b)(1), 1.15(d)(1)(i), 1.15(d)(1)(ii), 1.15(d)(2), 1.15(e), 8.4(c), 8.4(d) and 8.4(h). Respondent admitted some of the factual allegations but denied the charges. After conducting a hearing, at which respondent testified, the Referee sustained all the charges.
Charges 1 and 2 alleged that respondent intentionally converted and misappropriated client funds in violation of rules 8.4(c) and 1.15(a). Specifically, in 2018, respondent deposited a client's settlement checks into his escrow account, prior to which the account had a zero balance. Thereafter, respondent depleted the account in a series of transactions and used the funds for business and personal expenses. Even though respondent ultimately repaid the client in full, the Referee sustained charges 1 and 2, finding that respondent intentionally converted and misappropriated the client's funds.
Charge 3 alleged that respondent intentionally misused his escrow account to shield his earned legal fees and personal funds from tax authorities in violation of rule 8.4(c). It is undisputed that between 2013 and 2019, respondent had $2.5 million in tax liens and warrants filed against him. During that time, he kept earned legal fees and personal funds in his escrow account and used the account to pay his personal and business expenses. Respondent denied that he used his escrow account in such a manner for the purpose of shielding his personal funds from tax authorities. The Referee disagreed and sustained charge 3, pointing to documentary evidence and respondent's factual admissions which "showed that . . . Respondent would deposit personal funds . . . for the purpose of shielding his own funds and prevent levies from tax authorities."
Charge 4 alleged that respondent violated rule 1.15(a) by commingling personal funds, earned legal fees and client funds in his escrow account. The gravamen of this charge was that respondent deposited a $425,000 settlement check into [*2]his escrow account pending a fairness hearing at which time it also held his personal funds. Charge 5 alleged that respondent violated rule 1.15(b)(1) by using his escrow account as his personal/business account. The Referee sustained charges 4 and 5, pointing to bank records and "respondent's admitted use of the [escrow] account to hold and disburse his business and personal funds . . ., as well as the fact that he did not utilize an operating account."
Charge 6 alleged that respondent violated rule 1.15(e) by making numerous cash withdrawals and issuing checks made payable to "cash" from his escrow account. The Referee sustained charge 6, finding that "[i]n 2017 and 2018, Respondent's bank records show that he made cash withdrawals of a staggering $189,492.00 and issued four checks payable to cash totaling $2,400.00."
Charges 7 and 8 alleged that respondent failed to maintain required bookkeeping records in violation of rules 1.15(d)(1)(i), (ii) and 1.15(d)(2). Respondent claimed that he had maintained the records at issue but was just unable to locate them. The Referee sustained both charges, stating the following:

 "Despite the Committee's subpoenaing the records, only a paucity of records 
 was turned over by Respondent. Those did not satisfy the requirements of the 
 Rule. Other records omitted by Respondent included bank statements, deposit 
 backup information, deposit slips, copies of deposited checks, canceled 
 checks, credit memos with backup information, debit memos with backup 
 information, ledgers or similar books of account."
The Referee also sustained charge 9, which alleged that respondent's misconduct in toto violated rule 8.4(h), finding that "all of the foregoing is 'conduct that adversely reflects on the lawyer's fitness as a lawyer.'"
The Referee conducted a sanction hearing on December 6, 2023. The Committee argued that respondent's intentional conversion of client funds warranted disbarment. Respondent argued that disbarment was unwarranted. In his report, the Referee agreed with the Committee that disbarment was appropriate, citing respondent's disregard of the Rules of Professional conduct, the lack of a credible reason for any of his misconduct, the lack of any mitigation and his failure to show remorse.
The Committee now seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(b) and 603.8-a(t) confirming the Referee's liability findings and sanction recommendation to disbar respondent. Respondent opposes.
This Court finds that the Referee's liability findings are supported by the record. Regarding charge 1, the evidence supports the Referee's finding that respondent intentionally converted client funds. This Court has repeatedly made clear that all that is required to establish the requisite venal intent for intentional conversion under rule 8.4(c) "is evidence that the attorney knowingly withdrew IOLA or escrow funds, without permission or authority, and that he used said funds for [*3]his own purposes" (Matter of Kirschenbaum, 29 AD3d 96, 100 [1st Dept 2006]; see also Matter of Etheridge, 231 AD3d 125, 129 [1st Dept 2024]; Matter of Felicetti, 180 AD3d 176, 181 [1st Dept 2020]; Matter of Katz, 109 AD3d 143, 146 [1st Dept 2013]). The fact that he ultimately repaid his client is of no import. "Whether an attorney intended to repay, or actually repays, converted funds does not negate a finding of venal intent" [internal citations omitted] (Matter of Kirschenbaum, 29 AD3d at 100).
The record also supports the Referee's finding that respondent intentionally misused his escrow account to shield his personal funds from tax authorities (see Matter of Kirschenbaum, 29 AD3d at 102; Matter of Goldstein, 10 AD3d 174 [1st Dept 2004]; Matter of Weinstein, 4 AD3d 29, 33 [1st Dept 2004], lv denied 3 NY3d 608 [2004]). The Referee's findings sustaining the other escrow related charges (charges 2, 4-9), namely, misappropriation, commingling, misuse of an attorney escrow account as a personal account, failure to maintain required bookkeeping records, and making cash withdrawals and issuing checks payable to "cash" from an escrow account, are well founded and should be affirmed as well (charges 2, 4-9).
As to sanction, the Referee's disbarment recommendation should be affirmed because this Court has repeatedly found that, in the absence of extremely unusual mitigating circumstances, which are not present in this case, intentional conversion of client funds mandates disbarment (Matter of Ethridge, 231 AD3d at 129; Matter of Castro, 210 AD3d 107 [1st Dept 2022]; Matter of Carlos, 192 AD3d 170 [1st Dept 2021]; Matter of Bernier, 177 AD3d 37 [1st Dept 2019]; Matter of Ballner, 140 AD3d 115 [1st Dept 2016]).
Respondent's intentional misuse of his escrow account to shield his personal funds from tax authorities, which by itself would warrant a suspension, only adds to the case for his disbarment (Matter of Harper, 192 AD3d 174 [1st Dept 2021]; Matter of Sieratzki, 186 AD3d 85 [1st Dept 2020]; Matter of Cassidy, 181 AD3d 51 [1st Dept 2020]; Matter of Brown, 133 AD3d 7 [1st Dept 2015]; Matter of Goldstein, 10 AD3d at 174).
Accordingly, the Committee's motion should be granted, respondent should be disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department to confirm the Referee's liability findings and recommending to disbar respondent, pursuant to 22 NYCRR § 1240.8(b) and 603.8-a(t), is granted, and respondent, Wayne Scott Kreger, is disbarred and his name stricken from the roll of attorneys in the State of New York, effective immediately and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Wayne Scott Kreger, is commanded to desist and refrain from (1) the practice [*4]of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Wayne Scott Kreger, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Wayne Scott Kreger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: February 4, 2025